UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN HERRICK | § | |
| | § | |
| Plaintiff, | § | CAUSE NO. _____ |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| GOODMAN MANUFACTURING LP, | § | |
| GOODMAN HOLDING COMPANY, | § | |
| ABBY LAWRENCE, in her individual | § | |
| capacity, and ERICA PASCHAL, in her | § | |
| individual capacity. | § | |
| | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Brian Herrick ("Plaintiff"), who files this Complaint against Defendants, Goodman Manufacturing, Goodman Holdings, Abby Lawrence, *in her individual capacity*, and Erica Paschal, *in her individual capacity* (hereafter "Goodman" or "Defendants"), and alleges the following:

**I.**
**Introduction**

1.     This action seeks equitable relief, actual and punitive damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interest for the discrimination and retaliation suffered by Plaintiff.

**II.**
**Parties**

2.     Plaintiff, Brian Herrick, is a Caucasian male and a resident of Cypress, Harris

County, Texas.  Mr. Herrick is a current employee of Goodman Manufacturing.

3.　　Defendant, Goodman Manufacturing LP, is a limited partnership doing business in Texas, and may be served with process by serving its registered agent, Raymond V. Carroll at 5151 San Felipe, Suite 500, Houston, TX 77056.

4.　　Defendant, Goodman Holding Company, is the general partner of Goodman Manufacturing, doing business in Texas, and may be served with process by serving its registered agent, Raymond V. Carroll at 5151 San Felipe, Suite 500, Houston, TX 77056.

5.　　Defendant, Abby Lawrence, is a Vice President of Defendant Goodman Manufacturing, and may be served with process at her place of business: 19001 Kermier, Waller, TX 77484.

6.　　Defendant, Erica Paschal, is a Vice President of Defendant Goodman Manufacturing, and may be served with process at her residence: 10028 Easton Sky Ln, Cypress, Harris County, TX 77433.

7.　　Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants, or was done in the routine normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants, or employees.

### III.
### Jurisdiction and Venue

8.　　This claim is brought pursuant to 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

9.　　This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331.

10.　　Venue is proper in the Southern District of Texas under 28 U.S.C. § 1391(b)

because the substantial part of the events or omissions giving rise to these causes of action occurred in the Southern District of Texas.

11.     The amount in controversy is within the jurisdictional limits of this Court.

**IV**.
**Facts**

12.     Goodman Manufacturing is part of Daikin Industries, with one of its manufacturing facilities located in Waller Texas.

13.     Mr. Herrick began his employment with Defendants as Director of Procurement.

14.     He was initially recruited by, and reported to the Vice President of Procurement (Bruce Kilkowski).

15.     On or around November 20, 2016, Abby Lawrence (Hispanic) was brought in from the manufacturing group as Vice President of Quality and Procurement, and became Mr. Kilkowski's direct supervisor.

16.     On or around February 10, 2017, Mr. Kilkowski notified human resources that he would be taking medical leave pursuant to the FMLA, and Mr. Herrick would act as his proxy during his absence.

17.     On the following Monday, Ms. Lawrence and Chris DeVault (Vice President of Human Resources) met with Mr. Herrick to inform him that he would not be acting as Mr. Kilkowski's proxy.

18.     Instead, without posting the available position, and despite the fact Mr. Herrick was significantly more qualified for the position, Ms. Lawrence promoted Erica Paschel to the Senior Director position.

19.     Mr. Herrick was told all of Mr. Kilkowski's direct reports, including him, would report to Ms. Paschal.

20.     Mr. Herrick is clearly more qualified than Ms. Paschal in that she has a Bachelor's degree in English, whereas he has a Bachelor's (BS) degree in chemical engineering and a Master's (EMBA) degree in business administration.

21.     Mr. Herrick has 27 years in manufacturing, whereas Ms. Paschal has approximately 10 years.

22.     Mr. Herrick has foreign assignment experience, and has been asked to speak at the Institute for Supply Management's (ISM) Dallas meeting to train Dallas - Fort Worth procurement professionals in advanced supply management techniques.

23.     Mr. Herrick is a contributor of ISM's monthly Purchasing Manager Index (PMI), a leading economic indicator used by the Federal Reserve.

24.     Despite his superior qualifications, Mr. Herrick was not even given the opportunity to apply and be considered for the position given to Ms. Paschal.

25.     While Mr. Kilkowski was out on FMLA leave, Ms. Lawrence effectively eliminated his position.  When he returned in April, 2017, he was put into an advisory role with no direct reports.

26.     Since becoming Vice President of Quality and Procurement, other than Ms. Paschal, Ms. Lawrence has only promoted Hispanics, while excluding others.

27.     On or around March 2, 2017, Mr. Herrick met with Chris DeVault (Vice President of Human Resources) to complain of race discrimination going on in the procurement group.

28.     Specifically, he complained that, since Ms. Lawrence's arrival, all of the promotions to the Senior Manager position were given to Hispanics (*e.g.*, Maricela Garcia, Laura Nunez, Michael Morey, Archie Martinez).

29.     Mr. Herrick also complained Ms. Paschal and Archie Martinez (Hispanic) have

discriminated against others (*e.g.*, Sane Locke, Black female).

30.    Mr. Herrick also complained that during this same time frame, Ms. Lawrence has used disparaging language in reference to white males, while taking away his duties and reducing the number of his direct reports.

31.    On or around March 31, 2017, Andrea Hsueh (Asian female) resigned.  In her exit interview with Mr. DeVault, she said her Hispanic Sr. Manager (Maricela Garcia) abused her and her co-worker Mickey Dinh (Asian female).  Mr. Herrick met with Mr. DeVault again to complain that the discrimination was getting worse.

32.    On or around April 6, shortly after he complained of discrimination, Ms. Paschal and Ms. Lawrence gave Mr. Herrick a verbal performance review.  Mr. Herrick was informed that he was to receive a 0% increase, because according to Ms. Lawrence, he should not have been given such high starting salary.

33.    Although Mr. Herrick had only been reporting to Ms. Paschal for 6 weeks, neither Ms. Paschal, nor Ms. Lawrence, consulted Mr. Kilkowski regarding his performance.

34.    On or around June 23, 2017, Ms. Dinh, who worked for Ms. Garcia, came into Mr. Herrick's office and told him she wanted to quit.  She said the reason was because the stress caused by Ms. Garcia was so severe, she had suffered a stroke at work.  Mr. Herrick convinced her to think about it over the weekend, and that he would help her get another job within the company.

35.    The following Monday, Ms. Dinh walked into Mr. Herrick's office to resign.  Mr. Herrick sat in on Ms. Dinh's exit interview, at which time she told Alfred in Human Resources about the harassment she had received from Ms. Garcia and Archie Martinez (Hispanic male).

36.    On July 17, 2017, Ms. Lawrence promoted Ms. Paschal to Vice President of Procurement.  Here again, although Mr. Herrick is much more qualified, he was not given the

opportunity to even apply for the position.

37.    On or around July 28, 2017, Mr. Herrick met with Mr. DeVault again to complain of the continued discrimination/retaliation.

38.    Mr. Herrick told Mr. DeVault that Ms. Lawrence had falsely accused him of exceeding the scope of his authority, and continued to reduce his area of responsibility.

39.    Mr. Herrick told Mr. DeVault that Ms. Lawrence continues to criticize him, often for doing exactly what she had instructed him to do, or she criticizes him for things that he had nothing to do with.  Mr. Herrick informed him, in an effort to set him up to fail, she has taken away the resources needed to do his job.  Mr. Herrick also followed up with him on the discrimination against Ms. Dinh.

40.    On August 4, 2017, Mr. Herrick's spouse, Connie Tang (Asian female), filed a formal complaint of discrimination against Ms. Lawrence and Goodman Manufacturing.

41.    On August 10, shortly after Mr. Herrick complained again to HR, and his wife filed a formal charge of discrimination with the EEOC, he was effectively demoted, put on a performance improvement plan (PIP) and told he was to report to Stephanie Parker (his peer) going forward.

42.    There was no basis for the PIP, and Ms. Parker is not qualified to supervise and/or direct Mr. Herrick's work.

43.    Moreover, Ms. Parker has been found to have committed numerous ethical violations in the past, with little or no consequences.

44.    Mr. Herrick has suffered numerous adverse actions as a result of Respondent's discriminatory and retaliatory actions, including but not limited to, being denied promotions, being denied an annual increase in salary, having the scope of his authority and responsibilities

significantly reduced, being falsely accused of wrongdoing, being placed on a performance improvement plan, and having been effectively demoted and told to report to one of his peers.

45.     On August 23, 2017, Mr. Herrick filed his formal charge of discrimination with the Equal Employment Opportunity Commission.

## VI.
## Claim For Releif

46.     Mr. Herrick incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

47.     By its conduct, Defendants knowingly and willfully retaliated against Mr. Herrick because of his participation in protected activities protected by 42 USC sections 1981 and 1983.

48.     Mr. Herrick has been damaged as a result of the retaliation and is entitled to all remedies enumerated under all applicable statutes.

49.     Further, Defendants acted with malice or, in the alternative, with reckless indifference to the federally protected rights of Mr. Herrick.

50.     Defendants' retaliatory actions have caused Mr. Herrick to suffer emotional distress and loss of wages, both in the past and in the future.

## VII.
## Damages

51.     Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

52.     Defendants' unlawful acts give rise to the following damages: back pay, compensation for lost future pay; compensatory damages, benefits in the past and the future, costs, expert witness fees, attorneys' fees, and pre- and post-judgment interest as allowed by law.

## VIII.
## Contitions Precedent

53.    All conditions precedent to Plaintiff's request for relief have been performed, have occurred, or have been excused.

## IX
## Demand for Jury Trial

54.    Plaintiff, Brian Herrick, asserts his rights and demands a trial by jury on all issues.

## X.
## Relief Requested

55.    WHEREFORE, Plaintiff respectfully requests judgment awarding him:

a.  Actual damages for the period of time provided by law, including appropriate back pay and reimbursement (past and future) for lost benefits;

b.  Front pay, including benefits;

c.  Compensatory, exemplary and punitive damages as allowed by law;

d.  Attorney's fees both for this cause and for any appeals;

e.  Expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

f.  Pre-judgment and post-judgment interest as allowed by law;

g.  Costs of court and other costs of prosecuting Plaintiff's claim; and

h.  Such other and further relief as may be allowed by law.

Respectfully submitted,

**/s/ David Manley**
David J. Manley
Texas State Bar No. 24001593
S.D. Tex. Bar No. 24301
15201 Mason Rd. Suite 1000-211
Cypress, Texas 77433
Phone: (281) 687-6889
Fax: (713) 481-6367
dmanleylaw@aol.com

**ATTORNEY FOR PLAINTIFF BRIAN HERRICK**